A. P. SHANNON, garnishee of J. HAMILTON *vs.* JOHN ALLEN.

On execution attachment, from a Justice of the Peace, judgment cannot be rendered against the garnishee before the return day of the execution.

NEW CASTLE, November term, 1845. Certiorari to Justice Egbert, who returned the record of a judgment at the suit of Allen against Hamilton, dated January 12, 1843, for $38, and an execution attachment issued January 13, 1843, returnable February 22, 1843, but requiring the garnishees to appear and answer on the 1st of February. The constable returned this execution with an endorsement that he had summoned Abraham P. Shannon as garnishee. The garnishee appeared Feb. 18, 1843, and answered on oath "that he has $28 in his hands," therefore judgment against him for that sum.

The exceptions were: 1st. That the garnishee was summoned to appear on a day prior to the return of the execution; 2d. Because it does not appear but that the judgment against Hamilton was levied on the execution and satisfied without the garnishment; 3d. Because it does not appear that the clause for summoning garnishees was added to the execution *at the request* of the plaintiff in the execution; 4th. Because the answer of the garnishee was taken on a day after the return day of the writ.

*Gray.*—The judgment of the justice of the peace ought to be such as to afford a protection to the garnishee. This cannot be unless the garnishment is in due form: 1st. The clause of garnishment cannot be lawfully added without the request of the plaintiff; 2d. It *must* be made returnable on the same day with the return day of the execution: and this is important, for the justice cannot know on any day before the return, whether the execution has not been levied otherwise.

*Rodney.*—The court will imply that the clause of garnishment was added on the request of the plaintiff. There are some presumptions that must always be made. 2d. It is not for the garnishee to object to the return day of the attachment after appearing and answering on that day.

*The Court.*—The second exception in this case is fatal, a judgment cannot be rendered against a garnishee, nor his answer taken, on a day prior to the return day of the execution, nor subsequent, unless by adjournment or postponement for that purpose.

Judgment reversed.

*Gray,* for plaintiff.
*Rodney,* for defendant.